**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **STEVEN TROY BUGG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:17-03601** |
| | ) | |
| **BARBARA RICKARD, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**AMENDED PROPOSED FINDINGS AND RECOMMENDATION**

On July 13, 2017, Petitioner, an inmate incarcerated at FCI McDowell and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**PROCEDURE AND FACTS**

On February 10, 2012, Petitioner was released from BOP custody after serving time for a sentence imposed in the Eastern District of Kentucky in Case No. 5:02-cr-84 for Conspiracy to Manufacture and Possess with Intent to Distribute a Schedule II Controlled Substance, Methamphetamine. (Document No. 8, p. 25.) On August 9, 2013, while under the conditions of his Federal supervised release, Petitioner was arrested by Kentucky State authorities following a

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

traffic stop for failure to wear seat belt, failure to produce insurance card, operating a motor vehicle under the influence of drugs or alcohol, possessing drug paraphernalia, and trafficking a controlled substance. (Id., p. 29 – 30.) Petitioner remained in State custody following his arrest. (Id.) On August 15, 2013, the United States District Court for the Eastern District of Kentucky enter an Order granting a Petition for Warrant for Offender Under Supervision. (See Court's Exhibit.) The grand jury in Mercer County, Kentucky, returned a two-count Indictment on October 13, 2013, charging Petitioner with a felony offense of Trafficking a Controlled Substance, First Degree, and a misdemeanor offense of Driving Under the Influence in Criminal Action No. 13-cr-00120. (Document No. 8, p. 32.) On October 22, 2013, Petitioner was released by the State to the United States Marshals Service ["USMS"] due to the federal warrant issued by the Eastern District of Kentucky on the Petition alleging a violation of Petitioner's Supervised Release in Case No. 5:02-cr-84. (Id., p. 37.) On October 24, 2013, Petitioner appeared before the District Court for his Initial Appearance concerning the Petition to Revoke Supervised Release. (See Court's Exhibit.) The District Court appointed counsel, found probable cause based upon Petitioner's waiver, and scheduled the matter for a Final Revocation Hearing on October 28, 2013. (Id.) During Petitioner's Final Revocation Hearing conduct on October 28, 2013, Petitioner, by counsel, requested that the hearing be continued pending the resolution Petitioner's State charges. (Id.) The District Court granted Petitioner's motion to continue and released Petitioner on bond. (See Court's Exhibit and Document No. 1, p. 37.)

On December 11, 2013, the Mercer County, Kentucky grand jury returned an one-count Indictment charging Petitioner with a felony offense of Trafficking in a Controlled Substance First  Degree, Second or Subsequent Offense, in Criminal Action No. 13-cr-00125. (Id., p. 34.) Petitioner was again arrested by State authorities on December 16, 2013. (Id., p. 11.) On

September 9, 2014, Petitioner pled guilty in the Circuit Court of Mercer County, Kentucky, to the two-count Indictment as filed in Criminal Action No. 13-cr-00120 and the one-count Indictment as filed in Criminal Action No. 13-cr-00120. (Id., pp. 40 - 46.) On the same day, the Circuit Court for Mercer County, Kentucky, sentenced Petitioner to the following: (1) A 5 year term of imprisonment in Criminal Action No. 13-cr-00120, to run concurrently with the sentence imposed in Criminal Action No. 13-cr-00125; and (2) A 5 year term of imprisonment in Criminal Action No. 13-cr-00125, to run concurrently with the sentence imposed in Criminal Action no. 13-cr-00120. (Id.) Petitioner State sentences commenced on September 9, 2014, the date of their imposition. (Id., p. 48.) The State awarded Petitioner prior custody credit for time spent in custody from August 9, 2013, through October 22, 2013, and from December 16, 2013, through September 8, 2014. (Id.) On December 1, 2014, Petitioner was paroled by the State and released on the Federal detainer to the custody of the USMS. (Id., pp. 37 and 48.)

On December 10, 2014, Petitioner appeared before the United States District Court for the Eastern District of Kentucky for his Final Revocation Hearing. (See Court's Exhibit.) The District Court determined Petitioner violated the terms and conditions of his supervised release and sentenced Petitioner to "46 months, with credit for 15 months served in state custody. No term of supervised release to follow." (Document No. 8, pp. 53 – 54.) On January 7, 2016, the BOP wrote the Assistant United States Attorney seeking clarification of the sentence because the application of the 15 months credit was not authorized by 18 U.S.C. § 3585(b). (Id., pp. 56 – 57.) In response, United States filed a "Motion for Clarification." (Id., p. 59.) By Order entered on January 29, 2016, the District Court granted the United States' "Motion for Clarification" and stated as follows:

> In its judgment and commitment order the Court directed that the defendant serve a term of 46 months in the custody of the Bureau of Prisons. The Court went on to

3

state that the Bureau of Prisons was to give the defendant credit on his federal sentence for 15 months he was in state custody. This was error as only the Bureau of Prisons can calculate federal sentences. *See Wilson v. United States*, 503 U.S. 329 (1992). What the Court intended was to direct that 15 months of the defendant's federal sentence be served concurrently with his state sentence. 18 U.S.C. § 3584(a).

(Id., pp. 59 - 60.) On the same day, the District Court filed an Amended Judgment in a Criminal Case sentencing Petitioner to "46 months – 15 months shall be served concurrently with any state sentence. No term of supervised release to follow." (Id., p. 63.)

On July 13, 2017, Petitioner filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Petitioner states that the sentencing court entered an Amended Judgment sentencing Petitioner to "46 months, 15 months shall be served concurrently with any State sentence." (Id.) Petitioner states that the BOP is improperly calculating his sentence because he has not received 15 months credit for time served in State custody. (Document No. 2, p. 1.) Petitioner states that the sentencing court intended him to serve only 31 months on as to his Federal sentence. (Id., p. 2.) As relief, Petitioner requests that the Court grant him "15 months credit that the sentencing court intended [him] to have towards [his] 46 month sentence, leaving 31 months left to do." (Document No 1, p. 8.)

By Order entered on July 14, 2017, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On August 8, 2017, Respondent filed her Response to the Order to Show Cause. (Document No.

8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on December 10, 2014" (Id., pp. 4 - 6.); and (2) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 6 - 8.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Dawn l. Giddings, Correctional Programs Specialist (Id., pp. 10 – 13.); (2) A copy of Petitioner's "Administrative Remedy Generalize Retrieval" (Id., pp. 15 – 19.); (3) A copy of the "Public Information Inmate Data As of 07-28-2017" as to Petitioner (Id., pp. 21 – 24.); (4)  A copy of the "Public Information Inmate Data As of 02-10-2012" as to Petitioner (Id., p. 25.); (5) A copy of the "Public Information Inmate Data As of 02-13-2017" as to Petitioner (Id., pp. 26 - 27.); (6) A copy of the "Commonwealth of Kentucky Uniform Citation" concerning Petitioner's arrest on August 9, 2013 (Id., pp. 29 – 30.); (7) A copy of Petitioner's Indictment as return by the grand jury of Mercer County, Kentucky, in Case No. 13-cr-00120 (Id., p. 32.); (8) A copy of Petitioner's Indictment as return by the grand jury of Mercer County, Kentucky, in Case No. 13-cr-00125 (Id., p. 34.); (9) A copy of USMS Form 129 (Id., pp. 36 – 38.); (10) A copy of the "Judgment and Sentence on Plea of Guilty" as filed in the Mercer County Circuit Court, Kentucky, in Case No. 13-cr-00120 (Id., pp. 40 – 42.); (11) A copy of the "Judgment and Sentence on Plea of Guilty" as filed in the Mercer County Circuit Court, in Case No. 13-cr-00125 (Id., pp. 44 – 46.); (12) A copy of a letter from the Kentucky Department of Corrections dated January 7, 2015, setting forth the date of commencement of Petitioner's State sentence and the number of days awarded as jail credit (Id., p. 48.); (13) A copy of Petitioner's "Offender Information" from the Kentucky Online Offender Lookup (Id., pp. 50 - 51.); (14) A copy the "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on December 10, 2014, in Criminal Action No. 5:02-cr-00084 (Id., pp. 53 - 54.); (15) A copy of a

letter dated January 7, 2016, from the BOP addressed to the Assistant United States Attorney Walker requesting clarification of Petitioner's sentence due to a conflict between the District Court's Order and the authority of the BOP pursuant to 18 U.S.C. § 3585(b) (Id., pp. 56 – 57.); (16) A copy of the Eastern District of Kentucky's Order granting the United States' Motion for Clarification (Id., pp. 59 – 60.); and (17) A copy the "Amended Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on January 29, 2016, in Criminal Action No. 5:02-cr-00084 (Id., pp. 62 - 63.)

By Order and Notice entered on August 9, 2017, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 9.) Petitioner filed his Reply on August 24, 2017. (Document No. 10.) First, Petitioner argues that "the Sentencing Judge had discretion to credit Petitioner or run the sentence concurrent or consecutive." (Id., pp. 1 – 2.) Petitioner argues that the BOP is refusing to honor the sentence the judge imposed, therefore, resulting in a longer sentence than was intended. (Id.) Petitioner asserts that it is "apparent that the [BOP] is ignoring the Sentencing Judge's intention of the 15 month credit." (Id.) Next, Petitioner argues that the Sentencing Court erred in failing to reduce his sentence pursuant to U.S.S.G. § 5G1.3. (Id., p. 2.)

By Proposed Findings and Recommendation entered this day, the undersigned recommended that "the District Court (1) **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) to the extent Petitioner is challenging the manner in which the BOP is calculating his sentence; and (2) To the extent Petitioner is asserting a claim based upon U.S.S.G. § 5G1.3(b), **CONSTRUE** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255,

and **TRANSFER** it to the United States District Court for the Eastern District of Virginia."
(Document No. 11.) The undersigned notes that the Court made a typographical error in
recommending the transfer of Petitioner's U.S.S.G. § 5G1.3(b) claim to the Eastern District of
Virginia instead of the Eastern District of Kentucky. Therefore, the undersigned files this
Amended Proposed Findings and Recommendation to recommend the transfer of Petitioner's
U.S.S.G. § 5G1.3(b) to the Eastern District of Kentucky.

## ANALYSIS

1. **Petitioner's Federal sentence did not commence until December 10, 2014.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the
defendant is received into custody for service of the sentence. Generally, the first arresting
sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration.
However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity
to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.
1980). Primary jurisdiction can be relinquished by operation of law, such as bail release,
expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir.
2005). Primary jurisdiction is not relinquished when an inmate is borrowed pursuant to a writ of
*habeas corpus ad prosequendum*. United States v. Evans, 159 F.3d 908, 912 (4th Cir.
1998)(citing Thomas v. Whalen, 962 F.2d 358, 361, n. 3 (4th Cir. 1992)("A federal sentence does
not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court
pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary
jurisdiction over the prisoner, and federal custody commences only when the state authorities
relinquish the prisoner on satisfaction of the state obligation.").

State authorities arrested Petitioner on August 9, 2013, thereby obtaining primary

jurisdiction. The State relinquished primary jurisdiction on October 22, 2013, when the State released Petitioner to the custody of the USMS based upon the Federal arrest warrant. Federal authorities then obtained primary jurisdiction. Federal authorities, however, relinquished primary jurisdiction on October 28, 2013, when Petitioner was released on bond. State authorities regained primary jurisdiction when Petitioner was arrested by State authorities on December 16, 2013. The State relinquished primary jurisdiction when Petitioner was paroled from his State sentence on December 1, 2014. See Grier v. Purdue, 2014 WL 3823999, * 3 (N.D.W.Va. Aug. 4, 2014)(citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)(A sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges.") Petitioner was released to the USMS' detainer on December 1, 2014, and his Federal sentence was imposed on December 10, 2014. Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on December 10, 2014. See United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served").

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a Federal sentence to begin to run while an inmate is in State custody. See 18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). In the instant case, the District Court ordered that Petitioner's Federal sentence was

to run concurrent with Petitioner's State sentences. The BOP, however, could have only appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on the date of its imposition (December 10, 2014). Although the District Court ordered that Petitioner's Federal sentence was to run concurrently with his State sentences, Petitioner was no longer incarcerated based upon his State sentences at the time of his Federal sentencing. Thus, Petitioner's Federal sentence could not run concurrent with a completed State sentence.

**2.      Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive *additional* prior custody credit. Petitioner received prior custody credit towards his State sentence for the following time periods: (1) From August 9, 2013 (the date of his first State arrest) through

9

October 22, 2013 (the date prior to his release to the USMS based on the Federal arrest warrant); and (2) From December 16, 2013 (the date of his second State arrest) through September 9, 2014 (the date of the imposition of his State sentences). (Document No. 8, p. 48.) The record reveals that the BOP **has** granted Petitioner prior custody credit towards his Federal sentence for the following time periods: (1) From October 23, 2013 (the day he was released by the State to the USMS based on the Federal arrest warrant) through October 28, 2013 (the date he was released on bond); and (2) From December 2, 2014 (day after his parole was granted) through December 9, 2014 (the date prior to the imposition of his Federal sentence). (Id., p. 23.) The record reveals that Petitioner received credit towards his State sentence for the time period of September 9, 2014 (the date of the imposition of his State sentences) through December 1, 2014 (date his parole was granted). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit.

**3.    Petitioner is not entitled to relief under U.S.S.G. § 5G1.3.**

To the extent Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), the undersigned finds his claim as one properly considered under Section 2255 – not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Eastern District of Kentucky. Petitioner alleges that the District Court should have applied U.S.S.G. §

5G1.3(b), thereby adjusting his Federal sentence for the time period of imprisonment already served in State custody.[2] Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's U.S.S.G. § 5G1.3(b) claim under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

---

[2] Petitioner argues that the sentencing judge clearly intended for Petitioner to receive 15 months credit towards his Federal sentence when ordering that his Federal sentence run concurrent with his State sentence. Federal judges have nearly unfettered discretion regarding the sources and kinds of information they may consider when sentencing defendants. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 589 (1972). Sentencing decisions, however, may not be based "upon misinformation of constitutional magnitude." *Id.*; *also see United States v. Powell*, 487 F.2d 325, 328 (4th Cir. 1973). Not every mistake of fact by the sentencing judge is of a constitutional magnitude. *See Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). A mistake rises to the level of a due process violation if the fact or assumption (1) was "false or unreliable and (2) demonstrably made the basis for the sentence." *Jones v. United States*, 783 F.2d 1477, 1480 (9th Cir. 1986); *United States v. Eakman*, 378 F.3d 294, 298 (3rd Cir. 2004). Petitioner appears to argue that the sentencing judge imposed a 46-month term of imprisonment, instead of a 31-month term of imprisonment, based upon the false assumption that Petitioner was currently serving a State sentence and 15-months of his Federal sentence would run concurrently with his State sentence. The record lends support to Petitioner's above argument. Initially, the sentencing judge sentenced Petitioner to "46 months, with credit for 15 months served in state custody." (Document No. 8, pp. 53 – 54.) When the BOP notified the sentencing court that the application of the 15-month credit was not authorized by U.S.C. § 3585(b), the sentencing court amended Petitioner's Judgment by sentencing Petitioner to "46 months – 15 months shall be served concurrently with any state sentence." (*Id.*, p. 63.) If Petitioner would have been serving his State sentences at the time of the imposition of his Federal sentence, and had Petitioner had at least 15-months remaining on his State sentences, Petitioner would most likely have received nunc pro tunc designation resulting in Petitioner serving only 31-months in Federal custody.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Kentucky. A Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner. To the extent Petitioner's Petition asserts a claim based upon U.S.S.G. § 5G1.3(b), Petitioner's instant Petition should be construed as a Section 2255 Motion and transferred to the Eastern District of Kentucky because Petitioner has not yet proceeded under Section 2255 in the sentencing Court regarding his sentence in Case No. 5:02-cr-00084.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v.

Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort

to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application.

Accordingly, the undersigned proposes that the District Court **FIND** the following: (1) Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition is inappropriate as to his claim based upon U.S.S.G. § 5G1.3(b); and (2) Petitioner must seek relief from the sentencing court pursuant to Section 2255 regarding his U.S.S.G. § 5G1.3(b) claim. The undersigned further proposes that to the extent Petitioner is challenging his sentence based upon U.S.S.G. § 5G1.3(b), the District Court **CONSTRUE** Petitioner's Section 2241 Petition as a Section 2255 Motion and **TRANSFER** the Section 2255 Motion to the Eastern District of Kentucky.

## <u>NOTICE TO PETITIONER</u>

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added). Petitioner is further hereby **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[3] See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[4] To obtain certification from the Court of Appeals,

---

[3] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[4] Title 28, Section 2244(b)(3) provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Accordingly, Petitioner should inform the Court in writing within the period for filing Objections to this Proposed Findings and Recommendation, if he does not wish to have his Section 2241 Petition concerning his U.S.S.G. § 5G1.3(b) claim re-characterized as a Motion under Section 2255. Should Petitioner not file Objections to this Proposed Findings and Recommendation, the Court will consider his Section 2241 Petition asserting a claim based upon U.S.S.G. § 5G1.3(b) as a Motion filed under Section 2255 and transfer it to the Eastern District of Kentucky. If Petitioner agrees that his Section 2241 Petition shall be considered under Section 2255, Petitioner may further amend his Section 2255 Motion to the extent permitted by law. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). Should Petitioner not agree with the Court that his U.S.S.G. § 5G1.3(b) claim as asserted in his Section 2241 Petition be re-characterized as a Section 2255 Motion, the undersigned recommends that his Section 2241 Petition be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

that the District Court (1) **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) to the extent Petitioner is challenging the manner in which the BOP is calculating his sentence; and (2) To the extent Petitioner is asserting a claim based upon U.S.S.G. § 5G1.3(b), **CONSTRUE** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and **TRANSFER** it to the United States District Court for the Eastern District of Kentucky.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: September 1, 2017.

Omar J. Aboulhosn
United States Magistrate Judge